Peter E. Garrell (SBN 155177)
GARRELL COHON KENNEDY LLP
550 South Hope Street, Suite 460
Los Angeles, California 90071
Tel: (213) 647-0730
pgarrell@gckllp.com

Aaron T. Olejniczak (*pro hac vice* to be requested)
aarono@andruslaw.com
Christopher R. Liro (*pro hac vice* to be requested)
chris.liro@andruslaw.com
John P. Dyro, Jr. (*pro hac vice* to be requested)
jdyro@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202Tel: (414) 271-7590
aarono@andruslaw.com
chris.liro@andruslaw.com

**Attorneys for Plaintiff American Orthodontics Corporation**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| American Orthodontics Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Amercian Orthone Limited,<br><br>Defendant. | Case No. 2:25-cv-03215<br><br>**FIRST AMENDED COMPLAINT**<br><br>Jury Trial Requested |

Plaintiff, for its Complaint, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of Plaintiff's U.S. Registered Trademarks under 15 U.S.C. § 1114; for false designation of origin, trademark infringement, and unfair competition under 15 U.S.C. §1125; and for unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

## THE PARTIES

2. Plaintiff, American Orthodontics Corporation ("AO"), is a Wisconsin corporation having its principal place of business at 3524 Washington Avenue, Sheboygan, Wisconsin, 53081.

3. Defendant Amercian Orthone Limited ("Orthone") is a California general stock corporation having a place of business at 17800 Castleton Street, Suite 665, City of Industry, California 91748.

## JURISDICTION AND VENUE

4. This is a civil action for trademark infringement, unfair competition, and false advertising under the Trademark Act of 1946 (as amended; the "Lanham Act"), 15 U.S.C. §§ 1051, *et seq.* and Cal. Bus. And Prof. Code § 17200.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. § 1121(a) because this action arises, at least in part, under the Lanham Act and the California state-law claims of unfair competition through false advertising are joined with substantially related claims under the Lanham Act.

6. This Court has personal jurisdiction over Defendant Orthone because, on information and belief, its principal place of business is in California and within this district, it has contacts with and conducts business in California and within this district, has purposely availed itself of the opportunity to conduct commercial activities in this judicial district, and Plaintiff's claims arise, in part,

out of acts that Defendant Orthone purposefully performed in and directed at California and this district, and as further alleged herein.

7. Venue in the United States District Court for the Central District of California is proper pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this district.

**AMERICAN ORTHODONTICS' BUSINESS AND INTELLECTUAL PROPERTY**

8. Plaintiff repeats and re-alleges each and every allegation of the paragraphs above as though fully set forth herein.

9. AO is the world's largest privately held manufacturer of orthodontic appliances and is based in Sheboygan, Wisconsin. AO was founded in 1968 and over the past 57 plus years, AO was built a highly successful orthodontic goods manufacturing and supply business by manufacturing high quality products, innovating new orthodontic products that advance the industry, and maintaining high quality service.

10. In the United States, AO serves customers in all 50 states, including California. AO has been recognized with the Wisconsin Manufacturer of the Year Award in 2002 and 2009; is a Diamond Corporate Partner of the American Association of Orthodontists Foundation (AAOF), and is a leader in supporting the continuation of the orthodontic specialty.

11. AO's product line includes diverse orthodontic offerings offered under the AMERICAN ORTHODONTICS and AO AMERICAN ORTHODONTICS name and trademarks, including but not limited to the AO AMERICAN ORTHODONTICS design.

12. Beginning in 1968, and before any date upon which Orthone can rely, AO used the AMERICAN ORTHODONTICS mark in association with the marketing, promotion, and sale of its orthodontic goods including, but not limited

to, orthodontic appliances and supplies – namely, bands brackets, tubes, wires, face bows, elastics, auxiliaries, and instruments.

13. AO is the owner of trademark rights in the AMERICAN ORTHODONTICS name and trademarks in association with the promotion and sale of orthodontic goods throughout the United States, as a result, the AMERICAN ORTHODONTICS name and marks have become valuable assets of AO and a symbol of AO's goodwill in the orthodontic industry.

14. As a result of years of use and exclusive offering of orthodontic goods under the AMERICAN ORTHODONTICS name and marks, the AMERICAN ORTHODONTICS name and marks are recognized by the general public and are associated in the minds of the public with AO and its products.

15. AO has been continuously using the AMERICAN ORTHODONTICS mark for orthodontic appliances and supplies in interstate commerce since at least February 1968.

16. Through its years of extensive use, Plaintiffs own common law trademark rights in AMERICAN ORTHODONTICS which has been in use since 1968.

17. AO is the owner of incontestable United States Trademark Registration No. 1,156,244 for the trademark AMERICAN ORTHODONTICS, listing goods and services of "Orthodontic Appliances and Supplies – Namely, Bands, Brackets, Tubes, Wires, Face Bows, Elastics, Auxiliaries, and Instruments" with a first use date of February 1968. A copy of U.S. Trademark Registration No. 1,156,244 is attached as **Exhibit A.**

18. Beginning in October 2004, and before any date upon which Orthone can rely, AO used the AO AMERICAN ORTHODONTICS mark in association with the marketing, promotion, and sale of its orthodontic goods including, but not limited to, orthodontic appliances, namely, bands, brackets, buccal tubes, wires for

braces, ligature bands and ties and fixed and functional orthodontic appliances; orthodontic instruments, namely, pliers, wire cutters, and wire benders.

19. AO is the owner of trademark rights in the AO AMERICAN ORTHODONTICS name and trademarks in association with the promotion and sale of orthodontic goods throughout the United States. As a result, the AO AMERICAN ORTHODONTICS name and marks have become valuable assets of AO and a symbol of AO's goodwill in the orthodontic industry.

20. As a result of years of use and exclusive offering of orthodontic goods under the AO AMERICAN ORTHODONTICS name and marks, the AO AMERICAN ORTHODONTICS name and marks are recognized by the general public and are associated in the minds of the public with AO and its products.

21. Through its years of extensive use, Plaintiffs own common law trademark rights in AO AMERICAN ORTHODONTICS and "AO" which has been in use since at least 2004.

22. AO is the owner of incontestable United States Trademark Registration No. 4,706,125 for the trademark AO AMERICAN ORTHODONTICS, listing goods and services of "Orthodontic appliances, namely, bands, brackets, buccal tubes, wires for braces, ligature bands and ties and fixed and functional orthodontic appliances; orthodontic instruments, namely, pliers, wire cutters and wire benders," with a first use date of October 2004. A copy of U.S. Trademark Registration No. 4,706,125 is attached as **Exhibit B**.

23. AO has been continuously using the AO AMERICAN ORTHODONTICS mark for orthodontic appliance and supplies in interstate commerce since at least October 2004.

24. Beginning November 2, 2012, and before any date upon which Orthone can rely, AO used the AO AMERICAN ORTHODONTICS rk in association with the marketing, promotion, and sale of its orthodontic goods, including, but not limited to, orthodontic appliances, namely bands, brackets, buccal tubes, wires for braces,

ligature bands and ties and fixed and functional orthodontic appliances; orthodontic instruments namely, pliers, wire cutters, and wire benders.

25. AO is the owner of trademark rights in the AO AMERICAN ORTHODONTICS trademark in association with the promotion and sale of orthodontic goods throughout the United States. As a result, the AO AMERICAN ORTHODONTICS trademark has become a valuable asset of AO and a symbol of AO's goodwill in the orthodontic industry.

26. As a result of years of use and exclusive offering of orthodontic goods under the AO AMERICAN ORTHODONTICS trademark, the AO AMERICAN ORTHODONTICS trademark is recognized by the general public and is associated in the minds of the public with AO and its products.

27. AO is the owner of incontestable United States Trademark Registration No. 4,773,277 for the AO AMERICAN ORTHODONTICS trademark, listing goods and services of "Orthodontic appliances, namely bands, brackets, buccal tubes, wires for braces, ligature bands and ties and fixed and functional orthodontic appliances; orthodontic instruments, namely pliers, wire cutters, and wire benders," with a first use date of November 2, 2012. A copy of U.S. Trademark Registration No. 4,773,277 is attached as **Exhibit C.**

28. AO has been continuously using the AO AMERICAN ORTHODONTICS mark for orthodontic appliances and supplies in interstate commerce since at least November 2, 2012.

29. The registrations noted above constitute *prima facie* evidence of the protectability, validity, and AO's exclusive right to use the AO marks on orthodontic appliances, instruments, and supplies throughout the United States.

## <u>ORTHONE'S BUSINESS AND PRODUCTS</u>

30. On information and belief, Defendant Orthone sells orthodontic appliances and supplies.

31. At least through its website at https://www.orthoneusa.com/product, Defendant sells orthodontic brackets including the "SL A" and "SL ONE" orthodontic brackets.

32. Defendant's website noted above shows Defendant's company name as "Amercian Orthone Limited" (see below screenshot).




33. From Tuesday, March 25, 2025, to Saturday, March 29, 2025 the International Dental Show (IDS) was held in Cologne, Germany.

34. The International Dental Show (IDS) takes place in Cologne every two years and is organized by the GFDI Gesellschaft zur Förderung der Dental-Industrie mbH, the commercial arm of the Association of the German Dental Industry (VDDI), and hosted by Koelnmesse GmbH, Cologne.

35. For the IDS, Orthone listed itself as an exhibitor under the name "Amercian Orthone Limited".




36. Orthone is registered in California as a Stock Corporation under the name Amercian Orthone Limited having a principal place of business at 17800 Castelton St, STE 665, City of Industry, CA 91748.

37. On February 20, 2025, AO wrote to Orthone to advise Orthone of AO's rights in the relevant marks and demand that Orthone stop using the mark AMERCIAN ORTHONE, including at the IDS in Germany. AO's letter is hereto attached as **Exhibit D**.

38. Defendant's actions were and continue to be taken in willful and malicious disregard of Plaintiff's rights.

39. Defendant's infringing activities have caused Plaintiff monetary harm and they have been damaged.

## COUNT I – TRADEMARK INFRINGEMENT OF U.S. REGISTRATION NO. 1,156,244 UNDER 15 U.S.C. § 1114(1).

40. Plaintiff repeats and re-alleges each and every allegation of the paragraphs above as though fully set forth herein.

41. AO is the exclusive owner of the federally registered AMERICAN ORTHODONTICS trademark, incontestable U.S. Trademark Registration No. 1,156,244, attached as **Exhibit A**.

42. AO's exclusive rights in and to the AMERICAN ORTHODONTICS marks predates any rights that Defendant could establish in and to any mark that consists of "AMERICAN ORTHODONTICS" in whole and/or in part, or any mark confusingly similar thereto.

43. Defendant is using the mark AMERCIAN ORTHONE in commerce to advertise, promote, offer for sale, and sell orthodontic appliances and supplies.

44. Defendant's use of the AMERCIAN ORTHONE mark in commerce on, for and/or in connection with the advertising, promotion, offering for sale and/or sale of orthodontic appliances and supplies is causing, and is likely to continue to cause, consumer confusion, mistake, and/or deception about Defendant's affiliation with AO and the authenticity and origin of the AMERCIAN ORTHONE-branded products Defendant is advertising and selling.

45. AO has not consented to the use of the AMERCIAN ORTHONE mark by Defendant.

46. Based an AO's continuous use of its AMERICAN ORTHODONTICS marks in United States commerce, as well as the federal registration of the AMERICAN ORTHODONTICS mark, Defendant had actual and constructive knowledge of AO's superior rights in and to the AMERICAN ORTHODONTICS marks when Defendant began using the AMERCIAN ORTHONE mark.

47. Upon information and belief, Defendant adopted and used the AMERCIANORTHONE mark in furtherance of Defendant's willful, deliberate, and bad-faith scheme to trade upon the consumer goodwill, reputation, and

commercial success of products that AO offers under its AMERICAN ORTHODONTICS marks, including, without limitation, AMERICAN ORTHODENTICS-brand orthodontic appliances and supplies.

48. Upon information and belief, Defendant has made, and will continue to make, substantial profits and gains from its unauthorized use of the AMERCIAN ORTHONE marks, to which Defendant is not entitled at law or in equity.

49. Defendant’s acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

50. AO has suffered, and will continue to suffer, irreparable harm from Defendant’s acts and conduct complained of herein, unless restrained by law.

51. AO has been damaged by the acts of Defendant in an amount, currently unknown, to be proved at trial.

**COUNT II – TRADEMARK INFRINGEMENT OF U.S. REGISTRATION NO. 4,706,125 UNDER 15 U.S.C. § 1114(1)**

52. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-31 above as though fully set forth herein.

53. AO is the exclusive owner of the federally registered AO AMERICAN ORTHODONTICS trademark, incontestable U.S. Trademark Registration No. 4,706,125, attached as **Exhibit B**.

54. AO’s exclusive rights in and to the AO AMERICAN ORTHODONTICS marks predates any rights that Defendant could establish in and to any mark that consists of “AO AMERICAN ORTHODONTICS” in whole and/or in part, and/or any mark confusingly similar thereto.

55. Defendant is using the AMERCIAN ORTHONE mark in commerce to advertise, promote, offer for sale, and sell orthodontic appliances and supplies.

56. Defendant's use of the AMERCIAN ORTHONE mark in commerce on, for and/or in connection with the advertising, promotion, offering for sale, and/or sale of orthodontic appliances and supplies is causing, and is likely to continue to cause, consumer confusion, mistake, and/or deception about Defendant's affiliation with AO and the authenticity and origin of the AMERCIAN ORTHONE-branded products Defendant is advertising and selling.

57. AO has not consented to the use of the AMERCIAN ORTHONE mark by Defendant.

58. Based on AO's continuous use of its AO AMERICAN ORTHODONTICS marks in United States commerce, as well as the federal registration of the AO AMERICAN ORTHODONTICS mark, Defendant had actual and constructive knowledge of AO's superior rights in and to the AO AMERICAN ORTHODONTICS marks when Defendant began using the AMERCIAN ORTHONE mark.

59. Upon information and belief, Defendant adopted and used the AMERCIAN ORTHONE mark in furtherance of Defendant's willful, deliberate, and bad-faith scheme of trading upon the consumer goodwill, reputation, and commercial success of products that AO offers under its AO AMERICAN ORTHODONTICS marks, including, without limitation, AO AMERICAN ORTHODONTICS-brand orthopedic appliances and supplies.

60. Upon information and belief, Defendant has made, and will continue to make, substantial profits and gain from its unauthorized use of the AMERCIAN ORTHONE mark, to which Defendant is not entitled at law or in equity.

61. Defendant's acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

62. AO has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

63. AO has been damaged by the acts of Defendant in an amount, currently unknown, to be proved at trial.

**COUNT III – TRADEMARK INFRINGEMENT OF U.S. REGISTRATION NO. 4,773,277 UNDER 15 U.S.C. § 1114(1)**

64. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-31 above as though fully set forth herein.

65. AO is the exclusive owner of the federally registered AO AMERICAN ORTHODONTICS trademark; incontestable U.S. Trademark Registration No. 4,773,277, attached as **Exhibit C**.

66. AO's exclusive rights in and to the AO AMERICAN ORTHODONTICS mark predates any rights that Defendant could establish in and to any mark that consists of " AO AMERICAN ORTHODONTICS " in whole and/or in part and/or any mark confusingly similar thereto.

67. Defendant is using the mark AMERCIAN ORTHONE in commerce to advertise, promote, offer for sale, and sell orthodontic appliances and supplies.

68. Defendant's use of the AMERCIAN ORTHONE marks in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, and/or sale of orthodontic appliances and supplies is causing, and is likely to continue to cause, consumer confusion, mistake, and/or deception about Defendant's affiliation with AO and the authenticity and origin of the AMERCIAN ORTHONE branded products Defendant is advertising and selling.

69. AO has not consented to the use of AMERCIAN ORTHONE marks by Defendant.

70. Based on AO's continuous use of its AO AMERICAN ORTHODONTICS marks in United States commerce, as well as the federal registration of the AO AMERICAN ORTHODONTICS mark, Defendant had actual and constructive knowledge of AO's superior rights in and to the AO AMERICAN ORTHODONTICS marks when Defendant began using the AMERCIAN ORTHONE mark.

71. Upon information and belief, Defendant adopted and used the AMERCIAN ORTHONE mark in furtherance of Defendant's willful, deliberate, and bad-faith scheme of trading upon the consumer goodwill, reputation, and commercial success of products that AO offers under its AO AMERICAN ORTHODONTICS marks, including, without limitation, AO AMERICAN ORTHODONTICS-brand orthodontic appliances and supplies.

72. Upon information and belief, Defendant has made, and continues to make, substantial profits and gains from its unauthorized use of the AMERCIAN ORTHONE marks, to which Defendant is not entitled at law or in equity.

73. Defendant's acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

74. AO has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

75. AO has been damaged by the acts of Defendant in an amount, currently unknown, to be proved at trial.

**COUNT IV – FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

76. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-31 above as though fully set forth herein.

77. This count is against Defendant for infringement of common law trademark rights, for false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

78. Defendant's conduct, including its use of the AMERCIANORTHONE mark as a source designator for orthodontic equipment, constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) by creating, and continuing to create, a likelihood of confusion with Plaintiff's AMERICAN ORTHODONTICS marks and related trademark rights in its

AMERICAN ORTHODONTICS brands, configurations, and commercial appearances.

79. Defendant's conduct set forth above is also likely to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services, in violation of 5 U.S.C. § 1125(a).

80. On information and belief, Defendant was aware of AO's business and its AMERICAN ORTHODONTICS marks before it engaged in the infringing activities and adopted the infringing AMERCIAN ORTHONE name.

81. On information and belief, Defendant substantially copied AO's AMERICAN ORTHODONTICS marks with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of AO.

82. As a direct and proximate result of Defendant's actions, AO will be damaged.

83. As a direct and proximate result of Defendant's actions, AO will be irreparably harmed, including by damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendant ceases use of the AMERCIAN ORTHONE name.

**COUNT V – UNFAIR BUSINESS PRACTICES UNDER CAL. BUS. & PROF. CODE § 17200**

84. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-31 above as though fully set forth herein.

85. By marketing, advertising, and promoting orthodontic products using the AMERCIAN ORTHONE mark, Defendant has engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code § 172000 et seq.

86. Defendant's actions are in violation and derogation of Plaintiff's rights and are likely to cause confusion, mistake, and deception among consumers and the public as to the true nature of Defendant's products thereby causing loss, damage, and injury to Plaintiff and to the purchasing public.

87. Defendant's conduct was intended to cause such loss, damage, and injury.

88. Defendant knew or by the exercise of reasonable care should have known that its marketing, advertising and/or promoting products using the AMERCIAN ORTHONE mark would cause confusion, mistake, or deception among purchasers, users, and the public.

89. By marketing, advertising, and/or promoting, products using the AMERCIAN ORTHONE mark, Defendant intended to, did and will induce customers to purchase its products by creating a commercial impression that the Defendant's services are affiliated with or endorsed by AO when they are not.

90. By marketing, advertising, and/or promoting products using the AMERCIAN ORTHONE mark, Defendant, intended to, did, and will induce customers to purchase its products by creating a false commercial impression.

91. Upon information and belief, the conduct of Defendant has been knowing, deliberate, willful, and intended to cause confusion, mistake, or to deceive, all in blatant disregard of Plaintiff's rights.

92. As a direct and proximate result of Defendant's wrongful conduct, as alleged herein, Plaintiff's reputation and brands have been and will be damaged, and Plaintiff has been and will be deprived of substantial sales revenue from its services in an amount as yet unknown but to be determined at trial. Plaintiff seeks restitution in this matter, including an order granting Defendant's profits stemming from its infringing activities, and Plaintiff's actual and/or compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, American Orthodontics Corporation, prays for the following relief:

A. To enter an order, finding in Plaintiff, American Orthodontics Corporation's favor on each Claim for Relief asserted herein;

B. That the Court adjudge that Defendants willfully infringed and continue to infringe United States Trademark Registration No. 1,156,244.

C. That the Court adjudge that Defendants willfully infringed and continues to infringe United States Trademark Registration No. 4,706,125.

D. That the Court adjudge that Defendants willfully infringed and continue to infringe United States Trademark Registration No. 4,773,277.

E. That the Court adjudge that Defendants willfully infringed and continue to infringe Plaintiff's common law trademark rights in Plaintiff's AMERICAN ORTHODONTICS marks and related trademark rights in its AMERICAN ORTHODONTICS brands, configurations, and commercial appearances.

F. That the Court adjudge Defendants have unfairly competed with Plaintiffs and that such unfair competition was willful.

G. That Defendant provide an accounting of profits made by Defendant as a result of the acts complained of herein.

H. That Plaintiff be awarded all profits derived by Defendant by reason of their infringement of Plaintiffs' trademark rights and unfair competition, and all other sums by which Defendant or their owners, members, or employees have been unjustly enriched.

I. That Plaintiff be awarded all damages incurred by reason of Defendant's trademark infringement of Plaintiff's rights, and Defendant's unfair

competition, including but not limited to lost profits, a reasonable royalty, loss of goodwill, and injury to Plaintiff's reputation and goodwill.

J. That Plaintiff be awarded all actual and compensatory damages adequate to compensate Plaintiff for Defendant's infringement and unfair competition, with pre-judgment and post-judgment interest as allowed by law.

K. For Counts I through IV under the Lanham Act, Pursuant to 15 U.S.C. § 116:

1. To permanently enjoin Defendant, its agents, servants, employees, officers, and all persons and entities in active concert and participation with them from misusing the trademarks identified in Counts I through IV (or any other mark(s) confusingly similar thereto) for, on, and/or in connection with the distribution, advertising, promoting, offering for sale, and/or sale of any goods or services including, without limitation, orthodontic supplies and accessories, including each recited good of the United States Registrations identified in Counts I through IV, including but not limited to: (A) using any of the trademarks identified in counts I through IV (or any other mark(s) confusingly similar thereto in a way that misrepresents Defendant's relationship with AO; and (B) marketing, advertising, and/or promoting, products using the mark AMERCIAN ORTHONE.
2. To permanently enjoin Defendant, its agents, servants, employees, officers, and all persons and entities in active concert and participation with them from falsely representing themselves as being distributors, authorized retailers, and/or licensees of AO and/or any of AO's products (including, without limitation, AMERICAN ORTHODONTICS-brand products) and/or otherwise falsely representing to have an association or affiliation with,

sponsorship by, and/or connection with, AO and/or any of AO's products; and

3. To order Defendant to file with the Court and serve upon AO's counsel, within 30 days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which each Defendant has complied with the injunction.

L. For Counts I through IV under the Lanham Act, Pursuant to 15 U.S.C. § 1117:

1. To order Defendant to provide AO with a full accounting of all distribution and sale of products under the AMERCIAN ORTHONE-branded products, as well as all profits derived therefrom;
2. To order Defendant to pay AO all of Defendant's profits derived from the sale of infringing goods offered under the trademarks identified in Counts I through IV (including, without limitation, all products sold under the AMERCIAN ORTHONE mark);
3. To find that Defendant's acts and conduct complained of herein render this case "exceptional";
4. To award AO treble damages in connection with Defendant's activities;
5. To award AO reasonable attorneys' fees pursuant to §1117(a); and
6. To award AO the costs of this action and pre-judgment and post judgment interest.

M. That Plaintiff be awarded restitution in an amount to be proven at trial for unfair, fraudulent, and illegal business practices under California Business and Professions Code § 17200.

N. That the Court enter an injunction prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts

or practices described herein, including the trademark infringement, unfair competition, and any other act in derogation of Plaintiff's rights under the California Business and Professions Code.

O. That Plaintiff be awarded all actual and compensatory damages under the California Business and Professions Code § 17200.

P. That Plaintiff be awarded attorney fees as a private attorney general pursuant to California Code of Civil Procedure §1021.5.

Q. That the Court enter an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff.

R. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

**JURY TRIAL REQUESTED**

Plaintiff demands a trial by jury on all issues so triable in this action.

Dated: April 15, 2025

Respectfully Submitted,

By: ______________________________

Peter E. Garrell (SBN 155177)
GARRELL COHON KENNEDY LLP
550 South Hope Street, Suite 460
Los Angeles, California 90071

Aaron T. Olejniczak, *pro hac vice* to be requested
Christopher R. Liro, *pro hac vice* to be requested
John P. Dyro, Jr., *pro hac vice* to be requested
ANDRUS INTELLECTUAL PROPERTY LAW, LLP
790 North Water Street, Suite 2200
Milwaukee, Wisconsin 53012
Tel: (414) 271-590

*Attorneys for Plaintiff American Orthodontics Corporation*